IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Keyon Swinton ) | Case No.: 4:22-cv-3922-JD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Lt. Eric Mayweather and Lt. Charles ) | |
| Tennison, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court with the Report and Recommendation ("Report and Recommendation" or "Report") of United States Magistrate Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 34.) Plaintiff Eric Keyon Swinton ("Plaintiff" or "Swinton"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges his Eighth Amendment rights were violated when defendant Lt. Eric Mayweather ("Mayweather") improperly handcuffed and placed him in an unsanitized shower area, where he remained for several hours. He alleges that, when he complained, defendant Lt. Charles Tennison ("Tennison"), ("Mayweather" and "Tennison" collectively referred to as "Defendants") cursed at him. He further alleges Defendants denied him medical attention for injuries caused by the handcuffs. (DE 1.)

On March 31, 2023, Defendants filed a Motion for Summary Judgment. (DE 26.) As the Plaintiff is proceeding *pro se*, the Court issued an order on April 3, 2023, pursuant to Roseboro v.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion for summary judgment procedure and the possible consequences if he failed to respond adequately. (DE 27.) A second Roseboro Order was issued on May 2, 2023 (DE 30), because the first Roseboro Order was not mailed to the new address as provided by Plaintiff on January 23, 2023 (DE 23), when Plaintiff was released from Trenton Correctional Institution. Plaintiff has failed to file a response to the Motion for Summary Judgment.

The Report and Recommendation was issued on June 28, 2023, recommending Plaintiff's case be dismissed for failure to prosecute or, in the alternative, granting Defendants' Motion for Summary Judgment for failure to exhaust administrative remedies. (DE 34.) Plaintiff has not filed an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report (DE 34) and incorporates it herein.

It is, therefore, **ORDERED** that Plaintiff's case is dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

**IT IS SO ORDERED**.

S/ Joseph Dawson, III

United States District Judge

Florence, South Carolina
August 14, 2023

**NOTICE OF RIGHT TO APPEAL**

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.